Claire F. TISHMAN, Executor, etc.

v.

UNITED STATES of America.

Civ. A. No. 2801.

United States District Court
E. D. Virginia,
Richmond Division.
April 24, 1959.

---

3. Except in a criminal prosecution. Wilson v. United States, 250 F.2d 312 (9th Cir.1957).

John F. Kelly and LeRoy R. Cohen, Jr., Richmond, Va., for plaintiff.

Joseph S. Bambaccus, U. S. Atty., Richmond, Va., Rufus E. Stetson, Jr., and John F. Murrary, Department of Justice, Washington, D. C., for United States.

Sterling Hutcheson, District Judge.

This is an action to recover Federal Estate taxes and interest paid by the plaintiff.

The decedent, Philip F. Tishman, at the time of his death on March 4, 1956, owned an undivided one-half interest in certain real estate located in Richmond, Virginia. In submitting Federal Estate tax returns the plaintiff valued the one-half interest at $34,000.00. This sum was arrived at by an appraisal of the entire property at $80,000.00 and discounting the one-half interest owned by the decedent fifteen percent because of the fact that the interest was an undivided fractional part of the whole. Upon audit of the return the Commissioner of Internal Revenue determined the interest at the date of the decedent's death at the value of $40,000.00. Thereupon the Commissioner assessed a deficiency in the amount of $636.00, with interest thereon of $15.33. Those amounts were paid by the plaintiff and timely request for refund was disallowed. Thereupon this suit was instituted.

The case was tried before a jury, which returned a special verdict holding that the one-half interest in the property on March 4, 1956, had a value of $37,000.00. At the conclusion of all the evidence the plaintiff moved for a directed verdict and the motion was overruled. After the special verdict had been returned the plaintiff moved to set aside the verdict upon the ground that the evidence was insufficient to form a basis for the special verdict found by the jury.

It will be seen that the sole question involved is whether all the evidence is sufficient to support the findings of the jury that the value of the property at the date of the death of the decedent was $37,000.00.

Two qualified real estate appraisers were called by the plaintiff to testify as expert witnesses. Mr. Adrian Bendheim testified that he had appraised the property as of the date of the defendant's death as having a fair market value of $80,000.00 for the whole and one-half of that amount, less fifteen percent, or $34,000.00 as the value of the one-half undivided interest. It was upon that valuation the Estate tax return was based. The other expert, Mr. John W. Bates, Jr., testified that he had not appraised the property here involved but in accordance with normal practices based on experience regarding undivided interests, it was customary to discount the value of fractional interests in real estate between a minimum of fifteen percent and a maximum of fifty percent.

The defendant called Mr. Richard Chandler, Assessor for the City of Richmond, who testified concerning the assessed valuation of the real estate here involved, which was $99,730.00 for the years 1955 and 1956, for 1957 $86,700.00. He testified that appraisals for assessment purposes differ from other appraisals, that the city employs a mass appraisal system as distinguished from a subjective appraisal, and for assessment purposes fractional interests in real estate are not considered. It was his opinion that the allowance of a discount for joint ownership in appraising fractional interests is reasonable. The defendant

also called Mr. Frank Heindl, who testified concerning the sale of a fractional interest in adjoining property involved in a sale between members of a family without discount by reason of such fractional interests. He expressed the view, based upon his experience as a real estate dealer, that it is proper to discount fractional interests in arriving at market value.

 The highest valuation which could be fixed for the purposes of this case is $80,000.00 for the whole. The only testimony of witnesses familiar with this property was to the effect that the fact of joint ownership reduced the market value fifteen percent. The taxpayer reported the value as $34,000.00, being fifteen percent, less than one-half the appraised value of the whole. The verdict of the jury fixed the value at $37,000.00, representing seven and one-half percent reduction in value. The $40,000.00 assessment valuation is prima facie proof of value. The only evidence to the contrary is $34,000.00 fixed by the appraisement. The verdict was obviously a compromise without any evidence to support it. The situation is not comparable to the ascertainment of fair market value in eminent domain proceedings in which the jury or commissioners are at liberty to view the property and form an opinion of value. Here there was a presumption that the valuation was $40,000.00, unsupported by the other evidence. The counter evidence based upon appraisals was $40,000.00 less fifteen percent, or $34,000.00. The jury rejected both and returned a compromise verdict. There is no evidence except the bare presumption to support the higher figure and this has been overcome by competent evidence fixing the value at $34,000.00. This is the only evidence in the case and it follows that the verdict should be set aside and judgment entered for the plaintiff in the amount sued for. See United States v. Grannis, 4 Cir., 172 F.2d 507, and Moore v. Chesapeake & O. Railway Company, 4 Cir., 184 F.2d 176; 340 U.S. 874, 71 S.Ct. 123, 95 L.Ed. 635.